# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| KEITH HAGGINS, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Case No. CV409-117 |
| DONALD JACKSON, | ) ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Having lost his direct appeal from a conviction for aggravated assault and other crimes, *Haggins v. State*, 277 Ga. App. 742 (2006), and alleging that he has exhausted state post-conviction remedies, doc. 1 at 4-5, Keith Haggins petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. The state moves to dismiss his petition because he failed to file it within the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214. *See* 28 U.S.C. § 2244(d). Doc. 11. The one-year period

begins to run following the latest of four possible events, including the date on which judgment becomes final upon direct review. 28 U.S.C. § 2244(d)(1)(A). However, § 2244(d) is a statute of limitations, not a jurisdictional bar, and therefore the time limit may be equitably tolled "because of extraordinary circumstances that are both beyond [the petitioner's] control and unavoidable even with diligence." [*Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000)] (quotation and citation omitted). The [petitioner] bears the burden of establishing equitable tolling. *Outler v. United States*, 485 F.3d 1273, 1280 (11th Cir.2007) (per curiam). To discharge his burden, he must demonstrate: (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Johnson v. Fla. Dep't. of Corr.*, 513 F.3d 1328, 1333 (11th Cir.2008), *cert. denied*, --- U.S. ----, 129 S.Ct. 348, 172 L.Ed.2d 86 (2008) (quotation and citation omitted).

*Fox v. McNeil*, 2010 WL 1407234 at * 1 (11th Cir. Apr. 8, 2010).

The *Haggins* opinion issued on February 24, 2006. 277 Ga. App. at 742. As the state points out, doc. 11-1 at 5-6, Georgia Supreme Court Rule 38 gave Haggins 10 days to seek further review, but he did not seek it. Hence, his conviction became final on March 6, 2006. *See Pugh v. Smith*, 465 F.3d 1295, 1299-1300 (11th Cir. 2006) (10 days if no further review is sought). To stop the one-year clock Haggins had to have a state habeas petition properly filed. *Wade v. Battle*, 379 F.3d 1254, 1259 (11th Cir. 2004).[1] He did not file his state habeas petition until July 27, 2006,

---

[1] "AEDPA's tolling provision, 28 U.S.C. § 2244(d)(2), provides: 'The time during which a *properly filed* application for State post-conviction or other collateral review

doc. 12-2, so 143 days (from March 6 - July 27, 2006) of the one-year period ticked past him.

The state habeas court denied Haggins relief on March 18, 2008. Doc. 12-3 at 1. He points to no (nor can the State locate any) application for a certificate of probable cause to the Georgia Supreme Court thereafter, which means O.C.G.A. § 9-14-52's 30-day application period for appealing that denial[2] expired on April 17, 2008. Doc. 11-1 at 6. Haggins thus had no "properly filed" case in the state system -- again, this was required to stop the § 2244(d) limitations clock -- as of that date. *See Wade*, 379 F.3d at 1262.

Because Haggins did not execute the §2254 petition that he filed here until July 13, 2009, *see* doc. 1 at 9 (he failed to date his petition

---

with respect to the pertinent judgment or claim is *pending* shall not be counted toward any period of limitation under this subsection.' 28 U.S.C. § 2244(d)(2) (emphasis added)." *Wade*, 379 F.3d at 1259.

[2] As the Georgia Supreme Court recently explained:

> Under O.C.G.A. § 9-14-52, if a person being restrained by virtue of a sentence of a state court of record petitions for a writ of habeas corpus, is unsuccessful, and wishes to appeal, "he must file a written application for a certificate of probable cause to appeal with the clerk of the Supreme Court within 30 days from the entry of the order denying him relief"; he must "also file within the same period a notice of appeal with the clerk of the concerned superior court." OCGA § 9-14-52(b).

*Roberts v. Cooper*, ___ Ga. ___, 2010 WL 889554 at * 1 (Mar. 15, 2010).

when he signed it, so the Court will take the postmark date, doc. 1-2), over one year elapsed. And that is in addition to the 143 "lost" days noted earlier. Hence, his §2254 petition is time-barred.

Haggins's response to all of this is nonsensical (in unedited form):

> The petitioner seeks a fair determination and a fair renderance from [this Court] and the (AEDPA) statute of limitation is not hindered, wherein the Court exercises its discretion in a directed or instructional, even remand, if this Honorable Court, is its order on referal in a directive there would allow the petitioner his right to at least proper review in the lower court.

Doc. 13 at 6. Suffice it to say that he raises no equitable tolling argument.

The Respondent's Motion to Dismiss (doc. 10) therefore should be **GRANTED**, and Keith Haggin's 28 U.S.C. § 2254 petition should be **DISMISSED WITH PREJUDICE**. His "motion to object" (doc. 13), meanwhile, is **DENIED** as frivolous (as it is simply a response brief, not a motion).

**SO REPORTED AND RECOMMENDED** this <u>15th</u> day of April, 2010.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA